IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HARRIS CAPITAL FUND, L.L.C.,

    Plaintiff,

vs.                            Case No. 04-1036-JTM

CARLA L. GRILLO,

    Defendant.

MEMORANDUM AND ORDER

      This is an action by plaintiff Harris Capital Fund L.L.C., to collect on a guaranty agreement issued by defendant Carla Grillo. The matter is before the court on the Motion to Dismiss of defendant Grillo, who argues that venue in Kansas is inappropriate in light of the agreement's provision requiring any dispute involving the agreement be resolved by arbitration in New York. Grillo also argues that the case should be dismissed since certain conditions precedent to personal liability under the agreement were not met, but the court need not resolve these additional questions because it finds that the arbitration clause justifies dismissal of the action here.

      It is a curious fact of the present dispute that both parties profess to prefer arbitration. Harris, in responding to Grillo's motion, states that it "has always maintained that it is ready, willing and able to proceed to arbitration in New York, under the rules of arbitration promulgated by the American Arbitration Association." (Dkt. No. 20, at 1). However, it also argues that there is nothing in the agreement prohibiting an action to enforce arbitration in a court outside of New York.

The court disagrees. The arbitration clause acts as "a specialized kind of forum-selection clause that posits not only the situs of the suit but also the procedure to be used in resolving the dispute." *Riley v. Kingsley Underwriting Agencies*, 969 F.2d 953, 957 (10th Cir. 1992), *quoting Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 518 (1974). Here, the agreement in question permits resort to courts across the nation only after the matter has been resolved by arbitration. The proper forum for compelling arbitration (assuming the defendants were seeking to avoid arbitration) would be the courts of New York. New York is the exclusive venue for Harris's claims.

Under the express terms of the agreement, "Any controversy or claim arising out of, or relating to this Agreement, or the breach thereof, shall be settled by arbitration in New York City, State of New York, in accordance with the rules then in effect of the American Arbitration Association." There is no evidence demonstrating that defendant Grillo has reneged on the agreement to arbitrate the dispute. At the same time, the court notes that American Arbitration Association Rule 4(a)(ii) permits any single party to commence the arbitration process by filing a notice of intent. There is no evidence that plaintiff Harris has filed any such notice prior to commencing the present litigation.

IT IS ACCORDINGLY ORDERED this 2d day of February, 2005, that the defendant's Motion to Dismiss (Dkt. No. 11) is hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE